UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| James Bigham, John Quarnstrom, Robert Vranicar, Matt Fairbanks, Mike McCauley, and Jason Damman or their successors as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund, | Civil File No. _____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| Legacy Companies, Inc., | |
| Defendant. | |

_____

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

1.      The Plaintiffs are James Bigham, John Quarnstrom, Robert Vranicar, Matt Fairbanks, Mike McCauley, and Jason Damman as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2.      As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

1

3.     The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4.     Defendant Legacy Companies, Inc. ("Legacy Companies") is a Minnesota business corporation with the registered address of 8850 Wentworth Avenue South, Bloomington, Minnesota, 55420.  Legacy Companies is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5.     This is an action by fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.   Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6.     The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7.      The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8.      Since at least August 18, 2015, Legacy Companies has bound to a collective bargaining agreement negotiated between the International Association of Sheet Metal, Air, Rail, and Transportation Local Union 10, Metro Area and the Commercial Subdivision of the Twin Cities Sheet Metal, Roofing, & Air Conditioning Contractors Association ("CBA").

9.      Legacy Companies is bound to the CBA through at least April 30, 2019.

10.     The CBA requires Legacy Companies to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

11.     The CBA incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund as well as the Trust Agreements for all of the underlying benefit funds (collectively referred to as "Trust Agreements").

12.     The CBA require Legacy Companies to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Legacy Companies' monthly payment.

13.     29 U.S.C. § 1059 requires employers such as Legacy Companies to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

14.     If Legacy Companies fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Legacy Companies is liable for all of the hours worked by that individual for whom Legacy Companies is unable to produce satisfactory records verifying the type of work being performed by that individual.

15.     The CBA and the Trust Agreements require Legacy Companies to submit the report and payment to the Control Board by the tenth day of the following month for which the contributions are due and provides that any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is delinquent.

16.     The CBA and the Trust Agreements state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month.  However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

17.     The CBA and Trust Agreements state that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code.

18.     The CBA states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer.  Likewise, the Trust Agreements state that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the

delinquent employer.

## COUNT I
## Breach of Contract /Failure to Remit Contributions-Report Amount Due Under ERISA and the LMRA

19.     The Control Board re-alleges and incorporates by reference paragraphs 1-18 herein.

20.     Legacy Companies breached the terms of the CBA by failing to timely submit the contributions for the month of August 2018.

21.     Pursuant to the remittance report submitted by Legacy Companies for the month of August 2018, $58,865.40 is due and owing for contributions.

22.     Upon information and belief, for periods after August 31, 2018, Legacy Companies continued to employ individuals performing CBA-covered work.

23.     Legacy Companies is liable to the Control Board for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Legacy Companies is unable to produce satisfactory records verifying the type of work performed by any such individuals.

24.     Every month, until this matter is resolved either through dismissal or judgment, Legacy Companies will be obligated to remit fringe fund report forms as described above as required by the CBA and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

25.     If Legacy Companies fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Control Board will not have an adequate means of verifying the proper amounts due and owing to the Control Board, nor will the Control Board have

adequate means of ascertaining the proper allocation of such contributions to Legacy Companies' employees.

26.     In the absence of this Court's order as requested, the Control Board is without adequate remedy at law and will be subject to irreparable harm.

27.     Legacy Companies Contracting should be enjoined from further refusal and failure to remit reports and contributions.

28.     Pursuant to the CBA and Trust Agreements, Legacy Companies is liable to the Control Board for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Control Board in enforcing their rights and collecting the amounts due.

29.     Pursuant to the CBA and Trust Agreements, Legacy Companies is liable to the Control Board for interest on the unpaid contributions and liquidated damages on the August 2018 contributions and any other month that becomes due and owing during the pendency of this litigation.

## COUNT II
## ERISA Damages

30.     The Control Board re-alleges and incorporates by reference paragraphs 1-29 herein.

31.     The Control Board is entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

32.     The Control Board is entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

33.     The Control Board is entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against the Defendant Legacy Companies, Inc. as follows:

1.     For judgment in the amount of $58,865.40 for the contributions due and owing for the month of August 2018.

2.     For an order requiring the Defendant to submit to Plaintiffs all remittance reports which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3.     For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4.     For an award of costs, disbursements and attorney fees according to law.

5.     Such other and future relief as the Court deems just, equitable or proper.

Date: October 1, 2018                    MCGRANN SHEA CARNIVAL
                                           STRAUGHN & LAMB, CHARTERED


                                    By _s/ Amy L. Court_____
                                        Carl S. Wosmek #300731
                                        Amy L. Court #319004
                                         Christy E. Lawrie # 388832
                                    800 Nicollet Mall, Suite 2600
                                    Minneapolis, MN 55402
                                    Telephone: (612) 338-2525
                                    csw@mcgrannshea.com
                                    alc@mcgrannshea.com
                                    cel@mcgrannshea.com

                                    *Attorney for Plaintiffs*

1099628.DOCX